## NEGOTIATED SETTLEMENT AGREEMENT & RELEASE

This Agreement and Release ("Agreement") is made by and between G & I WINE & SPIRITS, INC., on its own behalf and on behalf of its subsidiaries, divisions, branches, counsel, predecessors, successors and assigns, and its past and present officers, directors, trustees, shareholders, employees, agents, administrators, representatives, attorneys, insurers or fiduciaries in their individual and/or representative capacities, GEORGE BABAYEV, on his own behalf and on behalf of his heirs, executors, administrators, successors and assigns, ISAAC LEVY, on his own behalf and on behalf of his heirs, executors, administrators, successors and assigns (G & I WINE & SPIRITS, INC., GEORGE BABAYEV, and ISAAC LEVY are hereinafter collectively referred to as the "Defendants"), and DOMINGO GOMEZ, on his own behalf and on behalf of his heirs, executors, administrators, successors and assigns ("Plaintiff") (Plaintiff and Defendants are hereinafter collectively referred to as the "Parties").

WHEREAS, Defendants and Plaintiff are parties to a lawsuit in the United States District Court for the Eastern District of New York, entitled *Gomez v. G & I Wine & Spirits, Inc., et al.*, 16 CV 3726 (JO) (the "Civil Action");

WHEREAS the Defendants and the Plaintiff to that lawsuit wish to reach a compromise of that Civil Action;

WHEREAS, the Parties understand and agree that Defendants for themselves and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer organizations, administrators, executors, agents, owners, shareholders, employees, and assigns, individually and in their official capacities, including but not limited to, G & I WINE & SPIRITS, INC., GEORGE BABAYEV, ALEX BABAYEV, and ISAAC LEVY deny each and every assertion of wrongdoing with respect to Plaintiff;

WHEREAS, the Parties understand and agree that neither the making of this Negotiated Settlement Agreement, nor anything contained herein shall, in any way, be construed or considered to be an admission by Defendants of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiff. It is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims contentions and differences of any kind whatsoever which have been or could have been alleged by the Parties against each other; and

WHEREAS, Plaintiff, with full assistance and through consultation with counsel, freely and voluntarily enters into this Agreement in exchange for the promises contained herein which pertain to Defendants and the full payment due from Defendants as provided for herein; and

WHEREAS, the Court has made no findings as to the merits of the Complaint; and

3245145.1

WHEREAS, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their counsel;

NOW THEREFORE, in consideration of the foregoing, the mutual promises and the Release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties each agree as follows:

1. In consideration for the payment of SIXTEEN THOUSAND DOLLARS ($16,000.00) ("the Settlement Payment") as set forth in paragraph 2. herein, Plaintiff hereby releases, waives and forever discharges all claims against Defendants, their parent and affiliate companies, subsidiaries, divisions, business units, committees, groups, insurers and their predecessors, successors, assigns, trustees, administrators, executors, agents, accountants, attorneys, as well as their former and current employees (collectively referred to as "RELEASEES"), which against the RELEASEES, Plaintiff or Plaintiff's heirs, executors, administrators, successors, and/or assigns, may now have or hereinafter can, shall or may have relating to Plaintiff's employment and/or termination of employment with Defendants, including for alleged unpaid overtime pay and minimum wages arising from the Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. section 201 and for alleged unpaid overtime pay, minimum wages, spread of hours compensation, unpaid gratuities, failure to provide wage notices, and failure to provide wage statements arising from the Plaintiff's claims under the New York Labor Law as well as section 650 et seq., including Part 142, section 142-2.2 and section 142-2.4 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law), from the beginning of the world to the day and date Plaintiff signs this Agreement up to and including the date of the complete execution of this Agreement. This Settlement is made in full, final and complete settlement for all claims Plaintiff has made in the Civil Action concerning his employment or the termination of his employment from Defendants, and compensates Plaintiff in full for all claims plaintiff has made, including, unpaid wages, minimum wages, overtime, spread of hours, misappropriated gratuities, liquidated damages, statutory penalties, interest, attorneys' fees.

Within thirty days (30) of judicial approval of the settlement and dismissal of the action with prejudice, defendants shall make payment of sixteen thousand dollars ($16,000); the Settlement Payment shall be payable to Neil H. Greenberg & Associates, as attorneys, and delivered to the offices of, Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York 11758.

Plaintiff and his counsel understand that of the total settlement, Plaintiff shall receive the amount of TEN THOUSAND THREE HUNDRED DOLLARS ($10,300.00), and NEIL H. GREENBERG & ASSOCIATES, P.C. shall receive the amount of FIVE THOUSAND SEVEN HUNDRED DOLLARS ($5,700.00), as and for attorney's fees and costs,

Defendants shall issue an IRS Form 1099 to Neil H. Greenberg & Associates, P.C. in connection with this settlement.

Plaintiff understands and agrees that Defendants, their accountants, and attorneys are neither providing tax nor legal advice, nor making representations regarding tax obligations or consequences, if any, related to this Agreement and the Settlement Amount. Plaintiff

2

3245145.1

further agrees he will assume any such tax obligations or consequences that may arise from the Settlement Amount, and he is not entitled to nor shall he seek any indemnification from Defendants, or their attorneys in this regard. Plaintiff agrees to indemnify and hold Defendants harmless from any claims, losses, demands, deficiencies, levies, assessments, executions, judgments, penalties, taxes, attorneys' fees or recoveries by any governmental entity against Defendants or their attorneys for any failure by Plaintiff to pay taxes due and owing, if any, on the Settlement Amount.

Plaintiff shall be responsible to pay all Federal, State and local taxes in connection with that portion of the Settlement Payment which was received by him and agrees to indemnify and hold Defendants harmless for any and all Federal, State and local taxes, interest and penalties that are due, may become due or are otherwise assessed against Plaintiff, at any time, with the exception of Defendants' portion of FICA and FUTA.

2. The Parties acknowledge that the RELEASEES do not admit that they have done anything wrong or treated Plaintiff unlawfully, and the RELEASEES specifically state that they have not violated or abridged any federal, state, or local law or ordinance, or any right or obligation that they may owe or may have owed to the Plaintiff.

3. If any provision of this Agreement is held by a court of competent jurisdiction to be illegal, void or unenforceable, such provision shall have no effect; however, the remaining provisions shall be enforced to the maximum extent possible.

4. Upon delivery to the Defendants of a fully executed Agreement & Release, the Plaintiff shall deliver to Defendants' counsel an executed Stipulation of Dismissal with Prejudice dismissing all claims in the Civil Action with prejudice and without costs or fees assessed against any party except as provided for in this agreement. Plaintiff shall then promptly file a motion for settlement approval with the Court seeking judicial approval of this Agreement and the dismissal of the Civil Action with prejudice.

5. Enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

6. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

7. This Agreement shall be binding upon, and inure to the benefit of, the parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

8. This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

9. This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

10. In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders.

11. This Agreement shall become effective upon its execution by all parties.

12. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Claim.

13. This Agreement may be executed in two or more counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

14. This Agreement supersedes all prior agreements or understandings of any kind, whether oral and written, and represents the entire Agreement. This Agreement is intended to provide and memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the parties to this Agreement. This Agreement represents the entire understanding of the parties with respect to the subject matter hereof.

15. Plaintiff acknowledges that he has received a copy of this Settlement Agreement in his regularly spoken language. Plaintiff states that his attorneys' fees and expenses are paid, and there will be no further or separate claim for attorneys' fees or expenses.

IN WITNESS WHEREOF, Plaintiff and Defendants have duly executed this Agreement & General Release.

Plaintiff:

_____
DOMINGO GOMEZ

Defendants:

G & I WINE & SPIRITS, INC.

By: _____

4

3245145.1

9. This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

10. In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders.

11. This Agreement shall become effective upon its execution by all parties.

12. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Claim.

13. This Agreement may be executed in two or more counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

14. This Agreement supersedes all prior agreements or understandings of any kind, whether oral and written, and represents the entire Agreement. This Agreement is intended to provide and memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the parties to this Agreement. This Agreement represents the entire understanding of the parties with respect to the subject matter hereof.

15. Plaintiff acknowledges that he has received a copy of this Settlement Agreement in his regularly spoken language. Plaintiff states that his attorneys' fees and expenses are paid, and there will be no further or separate claim for attorneys' fees or expenses.

IN WITNESS WHEREOF, Plaintiff and Defendants have duly executed this Agreement & General Release.

Plaintiff:

_____
DOMINGO GOMEZ

Defendants:

G & I WINE & SPIRITS, INC.

By: _____
GEORGE BABAYEV

4

_____
GEORGE BABAYEV

_____
ISAAC LEVY